## SEDWARDS v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, First Department. March 7, 1913.)

TRIAL (§ 250*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND PROOF.

In a passenger's action for injuries claimed to have been sustained in an alleged collision, where the complaint, bill of particulars, and plaintiff's testimony fixed the date of the collision definitely, the refusal of an instruction that, unless it occurred on that date, plaintiff could not recover, and the giving of an instruction that she was not confined to the precise time alleged, but only to a reasonable degree of certainty with respect to time, were erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

Appeal from Trial Term, New York County.

Action by Mary Sedwards against the Long Island Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward Kelly, of New York City (Matthew J. Keany, of New York City, on the brief), for appellant.

Morris E. Gossett, of New York City, for respondent.

LAUGHLIN, J. This is an action for personal injuries alleged to have been sustained by the plaintiff in consequence of a collision between a train on which she was riding as a passenger and another train at Bay Shore, Long Island, on the 21st day of June, 1907.

The plaintiff's case with respect to the time and the circumstances of the collision and the injuries rests on her uncorroborated testimony, which, as we view the evidence, is controverted in all respects, and is to some extent, at least, improbable. Through an employment agency conducted by one Fisher the plaintiff obtained a position as a laundress at Roe's Hotel at Patchogue, and according to the allegations of her complaint and of her bill of particulars, and to her testimony given on the trial, she boarded a train on the defendant's railroad at Long Island City at about 1 o'clock in the afternoon on the 21st day of June, 1907, for Patchogue to take up her new employment, and at about 2:32 p. m., when the train was near the station at Bay Shore, there was a collision between it and another train, and she was injured. She testified that the engine on her train and the car in which she was riding were badly smashed up by the collision, and that the seat hit her in the back of the head, and she was thrown onto the floor of the car, where she remained unconscious two or three hours, when she awoke and found that she was alone in the car; that she arose and walked out onto the station platform, where there were quite a number of people who had been injured, and she then saw that the two trains had crashed together, but she saw no employé of the defendant; that a Mrs. Smith, who lived at Bay Shore, was on the platform, and invited plaintiff to her house; that she remained at Mrs. Smith's until

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

about 7 o'clock in the evening, when she returned to the station and purchased a ticket from there to Patchogue, where she went, and, after seeing a doctor, entered upon her duties and worked there at laundry work and in the kitchen for a period of about one year and seven months, suffering day and night from severe pains in her head, and consulting a physician daily for a year; that, after the expiration of said employment, she returned to New York, and consulted a physician, and has not been able to work since. The plaintiff made no complaint to the company nor to any officer or agent thereof until the 31st day of May, 1909, or nearly two years after the accident, when she mailed a letter addressed to the company, informing it that she was "in a accident on the Long Island Rail Road the 23rd of June, 1907," but in the letter she does not say where or how the accident occurred, or even complain of injuries. On the trial she testified that, if she wrote that letter, she made a mistake with respect to the date of the accident, and that it occurred on the 21st of June.

The employment agent testified that his records showed that he sent her to the position on or about the 1st of July, 1907; but he further testified that that was the day on which she was to and did pay him his fee for obtaining the position for her, and that it might have been when she received her first week's wages. An attorney who resided at Bay Shore testified that he witnessed a collision at that station between an out-bound passenger train and an in-bound freight train during the latter part of June or the fore part of July, 1907. The attorney for the plaintiff endeavored to obtain the testimony of Mrs. Smith, whom his client says she visited on a subsequent occasion when she made a special journey to Bay Shore for that purpose, and, with that end in view, he interviewed two women residing at Bay Shore bearing that name, but neither of them had any recollection of the incident described by the plaintiff. This is the only evidence produced by the plaintiff bearing on the time the accident occurred, and she produced no evidence to corroborate her claim with respect to injuries.

The defendant showed that in the month of June, 1907, no passenger train Left Long Island City for Patchogue at 1 o'clock, and that the last one before that hour was at 11:04 a. m., and the next thereafter was at 2:02 p. m., and that these trains were on time on the 21st of June. It further showed by the conductor of the afternoon train that it had no collision. The defendant also showed that it had no notice or record of an accident or collision at Bay Shore on either the 21st or 23d of June, and that the presence of one of its wrecking gangs would have been required if a collision such as described by the plaintiff occurred; but that no wrecking gang was called to Bay Shore on either the 21st or 23d of June.

The court declined to instruct the jury at the request of the defendant that, "unless they find the collision occurred on June 21, 1907, the plaintiff cannot recover," and counsel for the defendant duly excepted, and thereupon the court further instructed the jury that, although the plaintiff was not confined to the precise time alleged, she was confined to a reasonable degree of certainty with respect to time, and said to the jury:

"You may not go beyond reasonable, limits in giving her latitude to go beyond the date fixed. You could not find for her if you found the accident happened a year out of the date she states, or six months or three months. It must be reasonably within the time stated by her."

To these additional instructions an exception was duly taken.

The instructions thus given correctly and clearly stated the general rules applicable to such questions; but in the particular circumstances of the case at bar, where the allegations of the complaint, and the statement in the bill of particulars, and the testimony of the plaintiff are all definite and show that the accident occurred on the 21st of June, we are of opinion that the right of the plaintiff to recover should have been confined to an accident occurring on that day. If the plaintiff had not stated the date of the accident with reasonable certainty, the defendant would have had a right to require that the complaint be made more definite, or that the date be specified with reasonable certainty in the bill of particulars, to the end that it might not be required to prepare to defend a charge of a collision occurring with respect to any of its passenger trains between the points in question for a considerable period of time. On the complaint and bill of particulars in which a precise date was definitely given, the defendant was not obliged to prepare to defend itself against a charge of a collision on some prior or subsequent day, and particularly so in view of the fact that there is no evidence that the date was erroneously given in the complaint and bill of particulars.

It follows, therefore, that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

---

## McARTHUR BROS. CO. v. KERR.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

INDEMNITY (§ 11*)—CONTRACT—CONSTRUCTION—LIABILITY OF INDEMNOR.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 21–25; Dec. Dig. § 11.*]

McLennan, P. J., and Kruse, J., dissenting.

Appeal from Trial Term, Erie County.

Action by the McArthur Bros. Company against Edward W. Kerr, executor of the estate of Mary Grage. From a judgment of nonsuit, plaintiff appeals. Affirmed.